IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                                     No. CR 04-781 JB

TRAVIS AMARILLO,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure, filed October 21, 2004 (Doc. 24). The Court held a hearing on this matter on October 28, 2004. Consistent with the Court's ruling at the hearing on this motion and the reasons for that ruling given at the time of the hearing, the Court will deny the Defendant's Motion for Downward Departure.

### FACTUAL BACKGROUND

This offense involved consensual sexual intercourse between the Defendant, Travis Amarillo, and a twelve-year-old girl that resulted in the birth of a child. Paragraph 12 of the Presentence Report ("PSR") describes the victim's affirmative advances to bring about the sexual act, which neither party contests. See Presentence Report, ¶ 12, at 5 (October 22, 2004). The young woman has stated that the incident was consensual. See id. Amarillo did not resist the young woman's advances. See id.

Amarillo has made efforts to mitigate the offense's effects. Amarillo has married the young woman. In light of the age of the young woman, however, she may void that marriage. See NMSA

§ 40-1-9 (1978). Upon information and belief, Amarillo represents that neither party has any intention of voiding the marriage. Amarillo is in the process of registering the child as his own with the tribe so that the child may have tribal benefits.

Amarillo does not suffer from any underlying mental or emotional condition that would indicate an increased risk of recidivism. Although Amarillo claims he drank sparingly before the offense, there is some evidence in the record to the contrary. See, e.g., PSR ¶ 13, at 5 (describing an interview with Amarillo, in which he told FBI agents that he frequently drank alcoholic beverages with the victim's mother). Amarillo contends he has stopped drinking since the offense.

Amarillo has a solid employment history; the tribe has employed him for ten years.[1] Although Amarillo asserts that he has been an outstanding member of his family and of the community aside from this incident, there is no evidence in the record to support this contention.

## PROCEDURAL BACKGROUND

Amarillo plead guilty to the offense of Crime on an Indian Reservation: Sexual Abuse contrary to 18 U.S.C. §§ 1153 and 2243 (statutory rape). Amarillo accepts responsibility for his actions in this case and is ready to accept the Court's sentence. The Court held a hearing on the sentencing on October 28, 2004.

Amarillo moves, pursuant to United States Constitution Amendment V and VI and to U.S.S.G § 6A1.3, the Court to impose a sentence of probation without regard to the federal Sentencing Guidelines or to impose a probation sentence below the applicable guideline range.

---

[1] Amarillo's employment history is particularly impressive considering the depressed economic situation on the Jicarilla Reservation. cf., United States v. Big Crow, 898 F.2d 1326, 1331-32 (8th Cir. 1990)(holding that the district court did not err in considering the stable employment history of the Defendant in light of the high unemployment rate and low per capita income of families on a reservation in South Dakota).

## **BLAKELY ISSUES**

The constitutionality of the federal sentencing guidelines is pending before the Supreme Court of the United States in <u>United States v. Booker</u>, 125 S.Ct. 11, 2004 WL 1713654 (Aug. 2, 2004).

## **ABERRANT BEHAVIOR**

The 2001 version of § 5K2.20 of the United States Sentencing Guidelines provides that a sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's behavior constituted aberrant behavior. <u>See</u> U.S.S.G. § 5K2.20 (2001 ed.). In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's mental and emotional condition, employment record, record of prior good works, motivation for committing the offense, and efforts to mitigate the effects of the offense. <u>See</u> Application Note 2 to U.S.S.G. § 5K2.20 (2001 ed.). The PROTECT Act, Pub. L. 108-21, April 30, 2003, subsequently amended § 5K2.20 to prohibit aberrant behavior departures in cases involving sex offenses. <u>See</u> U.S.S.G. § 5K2.20 (2003 ed.).

## **ANALYSIS**

### **I.    THE COURT WILL APPLY THE GUIDELINES TO THE EXTENT IT IS CONSTITUTIONAL TO DO SO.**

In light of the fact that the Supreme Court may determine that the federal sentencing guidelines violate the Sixth Amendment to the United States Constitution in their structure and application, Amarillo objects to the application of the sentencing guidelines to his case. Both the United States and the Defendant contend that this case does not call for judicial fact finding at sentencing. Nevertheless, Amarillo contends that the guidelines constitute an unconstitutional exercise of legislative power by a judicial agency in the authorship and application of the sentencing

guidelines applicable to this case. As the Court has done in prior sentencings since the Supreme Court decided Blakely, it will apply the guidelines as much as the constitution allows and as much as the Court is convinced Congress would want them applied given the limits of Blakely. In this case, there is no constitutional reason not to apply the guidelines as written. The Court will thus apply the guidelines, but will also state an alternative sentence under Williams v. New York, 337 U.S. (1949), should the guidelines be held unconstitutional.

## II.     THE DEFENDANT'S CIRCUMSTANCES DO NOT WARRANT DOWNWARD DEPARTURE.

Amarillo objects to the conclusion in paragraph 64 of the PSR that there are no departure issues in this case. Because the offense in this case occurred in February of 2002, the 2001 edition of the Federal Sentencing Guidelines Manual applies to this case. Pursuant to U.S.S.G. § 1B1.11(b)(1), the Court shall not apply the current version of § 5K2.20, which prohibits downward departure for aberrant behavior in sexual offense cases, because that application would violate the ex post facto clause. Instead, the Court must apply the 2001 version of the Guidelines, which does not limit the availability of downward departure for the Defendant.

Amarillo contends that, pursuant to the version of § 5K2.20, "Aberrant Behavior," in effect on the date of the offense of the conviction, Amarillo qualifies for a downward departure. None of the exclusions in the applicable guideline apply in this case: the offense in this case did not involve serious bodily injury or death; no firearm or dangerous weapon was involved; the offense is not a serious drug trafficking offense; Amarillo has no criminal history points; Amarillo has no prior federal or state felony conviction.

The offense was a single criminal occurrence that Amarillo committed without significant

planning. The offense was of limited duration. While Amarillo is hesitant to shift blame to the victim in light of the participants' relative ages, he contends that it appears the motivation for this offense came as much from the young woman as from Amarillo. The circumstances set forth in the PSR present the troubling notion that the young woman took advantage of Amarillo's intoxication to bring about this offense. See U.S.S.G § 5K2.10, Victim's Conduct. In any case, Amarillo contends that the offense represents a marked deviation from an otherwise law-abiding life. See Application Note 1 to § 5K2.20.

The Court, however, cannot say that the offense in this case clearly is an act of aberrant behavior on Amarillo's part. After considering all the factors provided in Application Note 2 of the 2001 edition of U.S.S.G. § 52K2.20 -- the defendant's mental and emotion conditions, employment record, motivation for committing the offense, and efforts to mitigate the effects of the offense -- the Court is not convinced downward departure is appropriate.

After a thorough review of the PSR, and listening to both the Defendant and the victim's statements at the hearing, the Court concludes that this case does not warrant downward departure. Consistent with the Court's ruling at the hearing on this motion and the reasons for that ruling given at the time of the hearing, the Court concludes that extraordinary circumstances do not exist in this case to warrant downward departure from the sentencing guidelines.

Even if a departure were authorized and warranted in this case, the Court would exercise its discretion not to depart. The Defendant has not demonstrated to the Court why this case falls outside the heartland of cases that the Commission took into account when it set up the range before the Court. Statutory range cases are often difficult cases, but this one does not, in this Court's opinion, present the extraordinary circumstances that justify departure, and indeed, presents troubling factors

that suggest the Court should not depart.

The Court is well aware that a sentence of incarceration may deprive the child and his mother of Amarillo's support and presence. As the Court stated in its oral ruling, however, the Defendant's marriage only two weeks before he was indicted, long after he was accused of being the father of the child, does not point as clearly in the Defendant's favor as he argues. While the victim is now 15, her youth remains troubling.

**IT IS ORDERED** that the Defendant's Sentencing Memorandum and Motion for Downward Departure is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
Robert Kimball
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*

Stephen P. McCue
  Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*